811 So.2d 229 (2002)
Diana SIDWELL, Plaintiff-Appellant,
v.
HORSESHOE ENTERTAINMENT LIMITED PARTNERSHIP d/b/a Horseshoe Casino-Hotel, Defendant-Appellee.
No. 35,718-WCA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*230 Alex S. Lyons, for Appellant.
Wiener, Weiss & Madison, by Larry Feldman, Jr., Mark L. Hornsby, Shreveport, for Appellee.
Before BROWN, GASKINS and KOSTELKA, JJ.
KOSTELKA, Judge.
Diana Sidwell ("Sidwell") appeals the grant of summary judgment by the Workers' Compensation Judge ("WCJ") in favor of Horseshoe Entertainment Limited Partnership, d/b/a Horseshoe Casino-Hotel ("Horseshoe"), which dismissed Sidwell's claim of a disability caused by alleged mental injuries only. For the following reasons, we affirm.

FACTS
Sidwell, an employee of Horseshoe, claimed that she was sexually harassed when she was subjected to repeated sexual comments and a coworker showing her a nude picture of himself. According to Sidwell's workers' compensation claim, she was caused a mental injury by these events which rendered her disabled.[1] Sidwell further claims that Horseshoe had knowledge of the situation but failed to remedy the alleged problems despite her repeated complaints.
Horseshoe moved for summary judgment on the basis that Sidwell could not meet the heavy burden imposed by La. R.S. 23:1021(7)(b) on Louisiana workers' compensation claimants who seek recovery due to an alleged "mental/mental" injury. The WCJ granted Horseshoe's motion for summary judgment dismissing Sidwell's claim, noting specifically the expert report of Dr. George Seiden ("Dr. Seiden"), which had been submitted by Sidwell in opposition to Horseshoe's motion for summary judgment. This appeal by Sidwell ensued.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Yarbrough v. Federal Land *231 Bank of Jackson, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. The burden of proof remains with the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate all essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. See, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La. App.2d Cir.05/10/00), 760 So.2d 587.
Mental injuries caused by mental stress have become commonly known in Louisiana workers' compensation jurisprudence as "mental/mental" injuries and are addressed by La. R.S. 23:1021(7)(b), which states as follows:
Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence. (Emphasis added).
The mental injury must be precipitated by an accident, an unexpected and unforeseen event that occurs suddenly or violently. Edwards v. Fischbach & Moore, Inc., 31,371 (La.App.2d Cir.12/09/98), 722 So.2d 344, citing Sparks v. Tulane Medical Center Hosp. and Clinic, 546 So.2d 138 (La. 1989). The mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to justify compensation. Sparks, supra; Edwards, supra. Absent an identifiable accident, general allegations of inability to work due to stress or tension caused by working conditions would not give rise to a compensable claim. Id.
Further, such a showing by the claimant must be by clear and convincing evidence. The "clear and convincing" standard requires a demonstration that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Edwards, supra; Renter v. Willis-Knighton Medical Center, 28,589 (La.App.2d Cir.08/23/96), 679 So.2d 603; Mitchell v. AT & T, 27,290 (La.App.2d Cir.08/28/95), 660 So.2d 204, writ denied, 95-2474 (La.12/15/95), 664 So.2d 456.
The Edwards court stated certain applicable rules in considering mental/mental claims, those being that: (1) the mental injury must be precipitated by an *232 accident, an unexpected and unforeseen event that occurred suddenly or violently; (2) the mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to justify compensation; (3) absent an identifiable accident, general allegations of inability to work due to stress or tension caused by working conditions would not give rise to a compensable claim; and, (4) whether the stress was extraordinary must be determined from the point of an ordinary, reasonable person of usual sensibilities, and not the point of the claimant.
Here, Sidwell clearly falls short of meeting the clear and convincing burden imposed on her by the statute as she fails to prove any of the applicable elements set forth by Edwards, supra and La. R.S. 23:1021(7)(b). Primarily, she fails to show that her injury was caused by a "sudden, unexpected, and extraordinary stress," as the record shows that Sidwell herself conceded that her injury was due to events that occurred over a long period of time-not a sudden, unexpected or extraordinary event.
In her pretrial statement, Sidwell contended that:
[S]he worked in a hostile environment with constant sexual harassment that culminated in an incident ... when ... a co-employee, showed her a photograph of himself in which he was naked. This event, coupled with the other incidents of sexual harassment, as well as her employer's refusal to remedy the situation despite repeated complaint, caused her mental injury which has rendered her disabled. (Emphasis added).
Additionally, in her complaint filed in federal court, Sidwell alleged that she was "subjected to sexual discrimination, offensive comments, unwelcome touching and sexual images put forth by [her] co-workers and tolerated by [her] supervisors...." She further alleged that she was subjected to "repeated explicit sexual comments...." and "that over the course of approximately two years the comments became extreme and outrageous eventually leading her to take a medical leave of absence due to psychological trauma...." (Emphasis added).
Clearly, by Sidwell's own admissions, in both her federal and workers' compensation claims, her injury was not precipitated by an accident or an unexpected and unforeseen event that occurred suddenly or violently. Rather, she admits that her injury resulted from a culmination of events, which events allegedly rendered her mentally disabled and unable to work.
In granting Horseshoe's motion for summary judgment, the WCJ relied on the medical opinion of Dr. Seiden.[2] Dr. Seiden opined that:
[Sidwell] is suffering from a major depressive disorder and that the stress of the events that she described as occurring at [Horseshoe] was a contributing factor to that depression. Clearly, however, [Sidwell] has experienced a large number of other significant stressors over the past few years that have contributed to the development of her depression ... In light of all of these stressors, it is likely, with reasonable medical certainty, that [Sidwell] would have suffered a major depression even if *233 the events that she described as occurring at [Horseshoe] had not occurred." (Emphasis added).
Dr. Seiden's report negates any possibility that Sidwell could recover under La. R.S. 23:1021(7)(b), because he opines that the alleged incidents at Horseshoe were only a "contributing factor" to Sidwell's mental state. Accepting said opinion, Sidwell could not meet the burden of proof imposed by La. R.S. 23:1021(7)(b), because the incidents only contributed to her injury and were not the cause of her injury.
Here, it is evident that Horseshoe, in its motion for summary judgment, showed that there was an absence of factual support for one or more elements essential to Sidwell's claim under La. R.S. 23:1021(7)(b). As the record clearly reflects, Sidwell's claim falls far short of the requisite "clear and convincing" standard set forth by the statute. Therefore, we conclude that summary judgment was properly granted in favor of Horseshoe dismissing Sidwell's claims.
Finally, Horseshoe argues that sexual harassment by a co-employee cannot form the basis for a worker's compensation claim. As admitted by Sidwell, her workers' compensation claim is based on La. R.S. 23:1021(7)(b). Considering our determination that summary judgment was properly granted because Horseshoe proved an absence of factual support for an essential element of Sidwell's claim, this further argument need not be addressed herein.

CONCLUSION
For the foregoing reasons, the summary judgment granted by the WCJ in favor of Horseshoe is affirmed at Sidwell's cost.
AFFIRMED.
NOTES
[1] On December 20, 2000, Sidwell also filed a complaint in federal court against Horseshoe seeking relief under Title VII and of the Civil Rights Act of 1964 under the same facts. A copy of that complaint was submitted by Horseshoe in support of its motion for summary judgment, and is, thus, part of this record on appeal.
[2] In brief, Sidwell argues that the WCJ was correct in considering the expert medical report of Dr. Seiden; however, this issue is, in effect, a non-issue on appeal, because (1) the medical report was submitted by Sidwell in opposition to Horseshoe's motion for summary judgment, and (2) the report, even if it should not have been considered, was apparently considered by the WCJ in her reasons for judgment. Notably, Horseshoe, the prevailing party at the trial level and appellee in these proceedings, does not raise the issue of the correctness of the medical report in an answer to appeal.