# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-57

JEANNE M. OLSON

VERSUS

RAPIDES PARISH SHERIFF, ETC., ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,886
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

### ANNULLED AND SET ASIDE; REMANDED.

David Payne Spence
Attorney at Law
P. O. Drawer 12365
Alexandria, LA 71315-2365
Counsel for Defendant/Appellant:
    Jeff L. Melder

John Wyeth Scott
Attorney at Law
P. O. Box 171
Alexandria, LA 71309
Counsel for Plaintiff/Appellee:
    Jeanne M. Olson

**Dannie P. Garrett  III**
**Attorney at Law**
**707 North 7th Street**
**Baton Rouge, LA 70802**
**Counsel for *Amicus Curiae*:**
      **Police Jury Association of Louisiana**

**Pickett, Judge.**

The defendant, Jeff L. Melder, appeals a judgment of the trial court granting a motion for summary judgment filed by the plaintiff, Jeanne Olson, annulling a tax sale conducted on May 3, 2000, which purported to transfer title of property owned by Olson to Louisiana Tax-1, who subsequently quitclaimed the property to Melder. We annul and set aside the judgment of the trial court and remand the case for further proceedings.

## FACTS

The plaintiff, Jeanne M. Olson, purchased a piece of residential real estate, including improvements, described as 1908 Marigold Street, Alexandria, Louisiana, on February 18, 1999, for $89,594.44. When the property taxes for 1999 were not paid, the property was advertised and sold at a tax sale on May 3, 2000, to Louisiana Tax-1, Inc. More than 3 years after the sale, Ms. Olson contacted Louisiana Tax-1 in an attempt to regain her property. As a result of that contact, Louisiana Tax-1 prepared a contract, which it sent, certified-mail, return receipt requested, to Ms. Olson on September 8, 2003. The letter was returned as "Unclaimed" on September 24, 2003. Thereafter, on October 3, 2003, Louisiana Tax-1 transferred its ownership in the property to Jeff L. Melder, by execution of a "quitclaim" deed. This suit was filed October 14, 2003, naming William E. Hilton, the Rapides Parish Sheriff and Tax Collector, as the defendant. By a Supplemental and Amending Petition, Jeff L. Melder and Carolyn Ryland, Clerk of Court for Rapides Parish, were added as defendants. Subsequently, the Sheriff was dismissed.

Both Ms. Olson and Mr. Melder filed Motions for Summary Judgment. The trial court ruled in favor of Ms. Olson, granting her motion for summary judgment

1

and annulling the tax sale. Mr. Melder's motion was dismissed. This appeal followed.

## LAW AND DISCUSSION

The law applicable to summary judgments and to the appellate review thereof is well settled:

> The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Yarbrough v. Federal Land Bank of Jackson*, 31,815 (La.App.2d Cir. 03/31/99), 731 So.2d 482. *The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.* La. C.C.P. art. 966(B); *Leckie v. Auger Timber Co.*, 30,103 (La.App.2d Cir. 01/21/98), 707 So.2d 459. The burden of proof remains with the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate all essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. *See*, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
>
> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Kennedy v. Holder*, 33,346 (La.App.2d Cir. 05/10/00), 760 So.2d 587.

2

*Semien v. EADS Aeroframe Servs., LLC*, 04-760, pp. 1-2 (La.App. 3 Cir. 2/2/05), 893

So.2d 215, 216-17 (*quoting Sidwell v. Horseshoe Entm't Ltd. P'ship*, 35,718, pp. 2-4

(La.App. 2 Cir. 2/27/02), 811 So.2d 229, 230-31)(first emphasis added).

The laws dealing with tax sales and applicable to this case can be found in the

La.Const. art. 7, § 25(A)(1) and La.R.S. 47:2184. Louisiana Constitution Article 7,

§ 25(A)(1) states as follows:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

Louisiana Revised Statutes 47:2184 states:

> The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties, and costs. If the property is divisible in kind and a part of the whole is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. In determining if the property is divisible in kind the description of the property on the assessment rolls shall be binding on the tax collector. The tax collector shall not be required and shall be prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls. If the tax collector determines from the description of the property contained on the assessment rolls that it is not divisible in kind he shall then proceed to sell such lesser undivided interest of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer regardless of any error in the dimensions or

3

description of the property as assessed and sold. The tax collector in the advertisement or deed of sale may give the full description according to original titles.

Considering the foregoing section of the Constitution, the Revised Statute and the record, as a whole, our independent review of the record convinces us that the granting of the plaintiff's motion for summary judgment was an error. We find a number of genuine issues of material fact that preclude the plaintiff being entitled to judgment as a matter of law.

First, we cannot conclude from the record whether Mr. Melder is the proper defendant. His claim to the property is via quitclaim deed from Louisiana Tax-1. Louisiana Tax-1 claims title from a tax sale deed executed May 5, 2000, by Harry Vermaelen, Chief Deputy Tax Collector for Rapides Parish. However, we also find an affidavit executed by Mr. Vermaelen on April 18, 2006, wherein he states: "This property has also been adjudicated at public tax sales in 2001, 2002, [and] 2003." That same affidavit also states: "At the tax sale of May 3, 2000, and also at the public tax sale in 2001, 2002 and 2003, action did not take place to sell any lesser portion of the property nor to sell any undivided interest."

If the property was resold for taxes in 2001, 2002, and 2003, as Mr. Vermaelen's affidavit states, who bought the property? Mr. Melder holds his title via a quitclaim deed; hence his interest is no more than the interest Louisiana Tax-1 had at the time it executed the quitclaim. If three other parties bought the property for taxes in 2001, 2002, and 2003, respectively, then Louisiana Tax-1 had no interest to convey. To be entitled to a judgment "as a matter of law" one must bring suit against the proper party. The record does not establish that Mr. Melder is the proper party defendant.

4

Additionally, the record fails to establish the value of Ms. Olson's property. While an appraisal is not required by law, if one is to, at least, attempt to comply with the mandate of La.Const. art. 7, § 25(A)(1) that "the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs" and the portion of La.R.S. 47:2184 which states: "he shall then proceed to sell such lesser undivided interest of the whole property as will satisfy such charges," a bidder must have some knowledge of the value of the property offered for sale. The record contains no such information, not even the tax assessment for the years, 2000, 2001, 2002, or 2003. While that information my have been made available to the bidders, there simply is no evidence in the record of the information being presented.

Finally, although La.Const. art. 7, § 25(A)(1) (emphasis ours) provides that "the collector shall sell immediately *the least quantity of property which any bidder will buy* for the amount of the taxes, interest, and costs," the record does not reflect that anything other than 100% interest in the property was the least quantity of property which any bidder would buy. The tax sale deed states "100% interest bid, *being the least bid sufficient to pay the taxes interest and costs,*" and not that a 100% interest bid was "*the least quantity of property which any bidder will buy*" for the amount of the taxes, interest, and costs.

Whether Mr. Melder is, indeed the proper party defendant; whether the property in question was sold to other parties in 2001, 2002, and 2003; whether the value of the property was made known to the bidders at the tax sale(s); and whether 100% interest in the property was the least quantity of property which any bidder

5

would have bought for the amount of the taxes, interest, and costs due, are all genuine issue of material fact which preclude the granting of summary judgment in this case.

Accordingly, the judgment of the trial court granting Ms. Olson's motion for summary judgment and denying Mr. Melder's motion for summary judgment is annulled and set aside. The case is remanded for further proceedings, not inconsistent with this opinion. Each side is to bear his/her own costs of this appeal.

**ANNULLED AND SET ASIDE; REMANDED.**