# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1288


**JEANNE M. OLSON**

**VERSUS**

**RAPIDES PARISH SHERIFF & TAX ASSESSOR, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,886
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

**REVERSED. SUMMARY JUDGMENT FOR THE DEFENDANT
GRANTED AND MADE PEREMPTORY.**

David P. Spence
Post Office Drawer 12365
Alexandria, LA 71315-2365
(318) 487-4300
COUNSEL FOR DEFENDANT/APPELLANT:
    Jeff L. Melder

John W. Scott
Post Office Box 171
Alexandria, LA 71309
(318) 445-1474
COUNSEL FOR PLAINTIFF/APPELLEE:
    Jeanne M. Olson

AMY, Judge.

After the plaintiff's home was sold at a tax sale, the plaintiff filed this action against the successor in title to the tax sale purchaser, alleging that the sale violated La.R.S. 47:2184. The parties filed cross motions for summary judgment on the validity of the sale. The trial court found in favor of the plaintiff, nullifying the sale. The trial court determined that the tax collector failed to offer a lesser undivided interest of the whole property sufficient to satisfy the arrearage. The defendant appeals. For the following reasons, we reverse and enter summary judgment in favor of the defendant.

**Factual and Procedural Background**

The plaintiff, Jeanne M. Olson, acquired a residential lot and improvements in Alexandria, Louisiana in 1999 for $89,594.44. After she failed to pay the property taxes assessed on the property, $902.51, the Rapides Parish Tax Collector offered the property at public sale on May 3, 2000. According to the affidavit of Chief Deputy Tax Collector Harry Vermaelen, who presided over the sale, "only one (1) bid was made for the subject property, being that of Louisiana Tax-1, Inc.[.]" The record includes a Tax Sale Deed conveying the property to Louisiana Tax-1, Inc. for consideration in the amount of $902.51. According to an affidavit of Louisiana Tax-1, Inc.'s Office Manager, the plaintiff initially expressed interest in purchasing the property from the company, but the contract for purchase and sale was returned unclaimed. The affidavit further indicates that the property was transferred by Quitclaim Deed to Jeff L. Melder in October 2003.

Ms. Olson subsequently filed this action, seeking a declaration that the tax sale was null and void, as she contends the Sheriff failed to follow the statutory

requirements for such a sale. Both the Sheriff and Mr. Melder were named as defendants. The Sheriff was later dismissed.

Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the plaintiff and annulled the tax sale, finding that the Sheriff failed to follow the dictates of La.R.S. 47:2184, namely the failure to "offer a lesser undivided interest of the whole property as will satisfy the charges."[1] Mr. Melder appealed. In *Olson v. Rapides Parish Sheriff*, 07-57 (La.App. 3 Cir. 5/2/07), 957 So.2d 282, a panel of this court reversed the entry of summary judgment after concluding that genuine issues of material fact remained. Accordingly, the matter was remanded for further proceedings. *Id.*

---

[1] In pertinent part, the trial court's written reasons for ruling indicate:

Once the Tax Collector has determined that the property to be sold is not divisible in kind, whether this is done in person or from the description of the property on the assessment roles, "he must sell such lesser undivided interest of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof." La.R.S. 47:2184. This language, at a minimum, places a duty on the Tax Collector to offer a "lesser undivided interest of the whole property as will satisfy the charges." This duty was not complied with when the Tax Collector made a blanket statement at the beginning of all sales that "we are selling the least amount of property for the taxes."

It is the Opinion of this Court that the clear and unambiguous language of La.R.S. 47:2184 also places a duty on the Tax Collector to sell only that amount of property that will satisfy the debt owed. The Tax Collector should have offered only that undivided interest that would have satisfied the debt, in this case approximately 10%. The Tax Collector, in not refusing the bid by Louisiana Tax One for the entire property, failed to meet the statutory burden placed on him.

La.R.S. 47:2184 was violated at the tax sale on May 3, 2000. The Tax Collector failed to "sell such lesser undivided interest of the whole property" and failed to "not entertain a bid in excess thereof." *Id.* La.R.S. 47:2184 places an affirmative duty on the Tax Collector. It is the Opinion of this court that the inclusion of the statement, "we are selling the least amount of property for the taxes," at the beginning of all of the sales for that day, a day on which many tax sales were to be made, does not meet the duty placed on the Tax Collector by the Legislature. Further, this Court finds that there is an affirmative duty on the Tax Collector to "not entertain a bid in excess" of the amount that will satisfy the charges owed. Therefore, it is the opinion of this Court that the prerequisites of La.R.S. 47:2184 were not met and that the sale of the residential property located at 1908 Marrigold Street is null and void.

On remand, the plaintiff again filed a motion for summary judgment, asserting that the sale violated La.R.S. 47:2184 in three aspects: 1) the tax collector did not determine whether the property was divisible in kind and, if not divisible in kind, did not determine the appropriate undivided interest in the property that should be offered at the tax sale; 2) the tax collector failed to sell an undivided interest of the whole property that would satisfy the tax charges; and 3) the tax collector entertained a bid in excess of the lesser undivided interest of the whole property as would satisfy the tax charges. The defendant again filed a cross motion for summary judgment. The parties supplemented their respective motions with additional exhibits. Following a hearing, the trial court found in favor of the plaintiff and declared "the tax sale conducted on May 3, 2000, to be null and void[.]" The trial court denied the defendant's motion for summary judgment.

The defendant appeals, presenting the following issues for review:

1. Whether the announcement of the tax collector that "we are selling the least amount of property for the taxes: at the commencement of the tax sale satisfies his duty to sell the "least" or "lesser undivided interest" in the tax debtor's property as required by law;

2. Whether the tax collector has the duty to appraise and quantify in advance of the offering the "least quantity" or "lesser undivided interest" in the tax debtor's property that will satisfy the charges.

3. Whether the tax collector should have refused the bid of Louisiana Tax-1, Inc. for 100% interest in the property;

4. Whether the tax sale to Louisiana Tax-1, Inc. is constitutionally valid;

5. Whether the judgment of the trial court should be reversed and summary judgment be granted in favor of Appellant, Jeff L. Melder.

3

**Discussion**

*Standard of Review*

Louisiana Code of Civil Procedure Article 966(B) provides that a summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Pursuant to Article 966(C)(2), the moving party bears the burden of proof. However, if the moving party will not be required to bear the burden of proof at trial, he or she is not required to "negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial[.]" *Id.* In such an event, there is no genuine issue of material fact. *Id.* An appellate court reviews a ruling on a motion for summary judgment under the *de novo* standard of review and uses the same criteria that governed the trial court's consideration as to whether summary judgment is appropriate. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839.

*Merits*

In her motion and on appeal, the plaintiff asserts that the tax sale was in violation of both La.Const. art. 7, § 25(A)(1) and La.R.S. 47:2184. Article 7, § 25(A)(1) provides that:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the

4

property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

Louisiana Revised Statutes 47:2184 provides:

**§ 2184.       Immovable property; interests conveyed**

The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties, and costs. If the property is divisible in kind and a part of the whole is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. In determining if the property is divisible in kind, the description of the property on the assessment rolls shall be binding on the tax collector. The tax collector shall not be required and shall be prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls. If the tax collector determines from the description of the property contained on the assessment rolls that it is not divisible in kind, *he shall then sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs.* The tax sale shall convey and the purchaser shall take the entirety of the property intended to be assessed and sold as it was owned by the delinquent taxpayer regardless of any error in the dimensions or description of the property as assessed and sold. The tax collector in the advertisement or deed of sale may give the full description according to original titles.

(Emphasis added.) By 2007 La. Acts. No. 195, § 1, the language emphasized above was substituted for a sentence in a previous version of La.R.S. 47:2184, which read: "he shall then proceed to sell such lesser undivided interest of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof." However, 2007 La. Acts. No. 195, § 2 instructed that the change to the language was "intended to clarify the current law with regard to tax sales so as to avoid any confusion between the statutory language and the controlling language of Louisiana Constitution Article VII, Section 25." Thus, the amendment to and re-enactment of

5

La.R.S. 47:2184 was an interpretative law and subject to retroactive application. *See Jacobs v. City of Bunkie*, 98-2510, p. 20 (La. 5/18/99), 737 So.2d 14, 20 (wherein the Louisiana Supreme Court explained that "[i]nterpretative laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted.")[2] We examine the record to determine whether the record demonstrates that the plaintiff could prove that the tax collector violated these provisions, as she asserts.

Although the plaintiff asserts in her brief that "[t]here is no dispute that no determination was made by the tax collector of whether or not the subject property was divisible in kind," it is apparent from the property description that it was not, in fact, divisible in kind. Rather, according to Mr. Vermaelen's affidavit, the property description lists the residence as "Lot Six (6) of square 1 of Park Place Subdivision, as per plan thereof recorded in Plat Book 5, page 47, Records of Rapides Parish, Louisiana." Further, La.R.S. 47:2184 provides that "[t]he tax collector shall not be required and shall be prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls." The property description provided by Mr. Vermaelen, recited above, is that contained on the tax assessment documentation provided in the record. Accordingly, the record was sufficient to indicate that the residential property was not divisible in kind.

Additionally, the statute does not prohibit the tax collector from commencing the sale by offering a one hundred percent interest in the property for the taxes due and *subsequently* accepting any competing bids for lesser percentages of fractional

---

[2] Subsequently, by 2008 La. Acts. No. 819, § 2, the legislature repealed La.R.S. 47:2184. Section 3 lists the effective date of Act 819 as January 1, 2009.

ownership. The statute does not require, as the plaintiff urges, that the tax collector predetermine the fractional interest in the property, based on the property's value, that would satisfy the tax arrearage and entertain only one bid for that amount. Rather, La.Const. art. VII, § 25(A)(1) and La.R.S. 47:2184 both provide that the tax collector shall "sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs." It does not anticipate that the tax collector is required to entertain only one fractional interest bid for the amount of the taxes due. In this regard, Article VII, § 25(A)(1) specifically provides that "[t]he sale shall be without appraisement."

In light of these central contentions of the parties, we consider the evidence submitted in support of the parties' motions. First, there is no indication that the plaintiff did not receive notice of the tax delinquency pursuant to La.R.S. 47:2180. To the contrary, the record demonstrates the plaintiff's receipt of the Notice of Delinquency by registered mail and the publication of the delinquency and tax sale pursuant to La.R.S. 47:2181. Furthermore, there is no proof in her submission indicating that she will be able to prove that the tax sale violated La.R.S. 47:2184 as she urges. Rather, and as explained above, her contentions as to the statute's requirements of the tax collector lack merit.

Instead, proof was presented indicating that the tax collector complied with La.R.S. 47:2184. Mr. Vermaelen supplied three affidavits relating to the sale of May 3, 2000. In his July 14, 2006 affidavit, Mr. Vermaelen explained:

> At the commencement of the sale, it was announced to the public that each item would be sold to the person who would bid to purchase "the least amount of property for the taxes, interest, and costs due";

> Based upon the description of the property on the assessment rolls, the subject property was not divisible in kind;

7

Upon offering the subject property for sale, Louisiana Tax [1], Inc. bid to purchase the property for the amount of taxes, interest and costs due thereon;

While bids for lesser interests would have been entertained in accordance with the announcement made at the commencement of the sale, none were made and the property was sold to Louisiana Tax [1], Inc.[.]

As the property was not divisible in kind and Louisiana Tax-1 was the sole bidder for the total amount of taxes, interest, and costs due, there is no indication that La.R.S. 47:2184 was violated.

For these reasons, we find that the trial court erred in its rulings on the motions for summary judgment.

## DECREE

For the foregoing reasons, the motion for summary judgment entered in favor of the appellee, Jeanne M. Olson, is reversed. The motion for summary judgment filed by the appellant, Jeff Medler, is granted, dismissing this proceeding. All costs of this proceeding are assessed to Ms. Olson.

**REVERSED. SUMMARY JUDGMENT FOR THE DEFENDANT GRANTED AND MADE PEREMPTORY.**