# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1526

JAMES IRVING FONTENOT

VERSUS

INTERSTATE DISTRIBUTOR COMPANY

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF ST. LANDRY, NO. 08-20621
JASON G. OURSO, WORKERS' COMPENSATION JUDGE

************

DAVID E. CHATELAIN[*]
JUDGE

************

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.

**Saunders, J. dissents.**

**AFFIRMED.**

Guy O. Mitchell, III
Mitchell Law Offices
225 Court Street
Ville Platte, Louisiana 70586-4492
(337) 363-0400
Counsel for Plaintiff/Appellant:
    James Irving Fontenot

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Henry H. LeBas**
**Todd D. Delcambre**
**Gordon Van Greig**
**Celeste C. White**
**LeBas Law Offices**
**201 Rue Iberville, Suite 600**
**Lafayette, LA 70508**
**(337) 236-5500**
**Counsel for Defendant/Appellee:**
      **Interstate Distributor Co.**

**CHATELAIN, Judge.**

A workers' compensation claimant appeals the grant of summary judgment in favor of his employer, arguing that a question of fact exists as to whether he proved a mental/mental incident occurred which resulted in him suffering a disability. For the following reasons, we affirm.

## Facts and Procedural History

James Irving Fontenot filed a disputed claim for workers' compensation benefits against his employer, Interstate Distributing Company (Interstate). He alleged that on February 21, 2008, in accordance with his employer's policy, he requested a thirty-four-hour respite from his duties as a long-haul truck driver due to personal problems, but his request was denied, and he was ordered to vacate the truck he was driving and return to his home in Ville Platte, Louisiana, on a commercial bus. Mr. Fontenot further alleged that as a result of having to vacate the truck he had to dispose of some personal property and belongings that he kept in the truck. He asserted that his employer's actions caused him to suffer "severe emotional problems, including depression."

Interstate answered the claim and, after conducting discovery, filed a motion for summary judgment in which it asserted that Mr. Fontenot could not satisfy the burden of proof required for the mental/mental injury he claimed to have suffered. Excerpts from Mr. Fontenot's deposition and his responses to requests for admissions propounded by Interstate provided the basis for the motion for summary judgment.

The record shows that Mr. Fontenot and his wife were having marital problems in January and February 2008 and that he filed a suit for divorce in mid-February. He returned to work two or three days thereafter. On February 21, Mr. Fontenot received

a call from his employer's dispatcher instructing him to pick up a load of freight. Mr. Fontenot informed the dispatcher that he did not feel well and did not want to take the load and that he wanted to "take a 34," i.e., thirty-four-hour break from driving.[1]  He also informed the dispatcher that he was going through a divorce.

According to Mr. Fontenot, the dispatcher refused to allow him to take a break and pick up the load the next day.  Instead, the dispatcher ordered him to vacate his truck and take all his belongings with him.  Mr. Fontenot was transported from Houston back to Louisiana by commercial bus.  He was unable to bring all the property he kept in the truck with him because he did not have appropriate packaging to transport them on the bus, but he admitted in his deposition that Interstate compensated him for everything he was unable to take on the bus.

Mr. Fontenot testified that he wanted to "take a 34" because he was emotionally drained from crying, not because he could not drive.  He felt that he needed a break because of the divorce and related that he and his wife "were trying to talk."  He explained that he and the dispatcher argued back and forth about him taking a break and that the dispatcher ultimately ordered him to vacate his truck and return home.

In addition to describing what occurred on February 21, Mr. Fontenot described his general employment relationship at various times during his deposition, stating at one point, "It's how they treated me.  Not now, but even in the past.  They don't care about anything except as long as that truck is rolling."  At another point, he related that he had problems with another dispatcher because the dispatcher did not make arrangements for him to get home in time for an aunt's funeral.  He also

---

[1]Mr. Fontenot explained that his employer had a policy of allowing employees to be relieved of their work duties for thirty-four hours without reason with no repercussions.

explained that he had attempted to cancel the medical insurance purchased through his employer on his now ex-wife but was not allowed to do so and stated, "So all this stuff is just building up, you know, with them not handling anything." He further testified that he had encountered problems before with both of the dispatchers.

The matter was submitted on briefs, and the workers' compensation judge granted summary judgment in favor of Interstate, dismissing Mr. Fontenot's claims against it. Mr. Fontenot appeals.

## Discussion

Interstate asserted in its motion for summary judgment that Mr. Fontenot cannot establish that he suffered a mental/mental injury while working on February 21, 2008. After a thorough review of the record before us, we agree.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, it need not negate all essential elements of its opponent's claim, but it must point out "that there is an absence of factual support for one or more elements essential to the adverse party's claim." La.Code Civ.P. art. 966(C)(2). If the mover meets its initial burden of proof, the burden shifts to the nonmoving party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id*.

Appellate courts review motions for summary judgments de novo, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

A claim for mental injury caused by mental stress is governed by La.R.S. 23:1021(8)(b) which provides:

> Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.

Another panel of this court discussed this provision and the legislature's intent regarding entitlement to mental/mental benefits in *Manuel v. Northrop-Grumman*, 04-480, pp. 2-3 (La.App. 3 Cir. 9/29/04), 883 So.2d 502, 504, explaining:

> [I]n *Partin v. Merchants & Farmers Bank*, 01-1560, p. 12 (La. 3/11/02), 810 So.2d 1118, 1125, the supreme court explained that La.R.S. 23:1021[(8)(b)] "is not so much a definition of mental injury as it is a definition of *compensable* mental injury." Importantly, "a mental injury is compensable depending upon *the type of stress* which triggers that injury." *Id.* (emphasis added). Specifically, "the legislature intended that *the nature of the stress* itself be evaluated, rather than the stress being evaluated from the employee's perspective." *Id.* (emphasis added). As pointed out by the supreme court, "[i]f the stress were evaluated from the employee's perspective, much wider recovery would result under subsection [(8)(b)] because nearly every employee would consider extraordinary a stress that caused him mental injury." *Id.* The supreme court concluded that "the legislature intended to restrict recovery under subsection [(8)(b)] to those mental injuries that result from stresses which, by their nature, are sudden, unexpected, and

extraordinary in the usual course of employment in that working environment." *Id.*

"The mental injury must be precipitated by an accident, an unexpected and unforeseen event that occurs suddenly or violently." *Adams v. Temple Inland, LA*, 03-187, p. 5 (La.App. 3 Cir. 11/5/03), 858 So.2d 855, 859, *writ denied*, 03-3327 (La. 2/13/04), 867 So.2d 695 (quoting *Sidwell v. Horseshoe Entm't Ltd. P'ship*, 35,718, p. 3 (La.App. 2 Cir. 2/27/02), 811 So.2d 229, 231). It is insufficient for the claimant to show that his mental injury is "related to general conditions of employment, or to incidents occurring over an extended period of time." *Id.*

Because Interstate will not bear the burden of proof at trial, it need only point out that there is an absence of factual support for one or more elements essential to Mr. Fontenot's claim. La.Code Civ.P. art. 966(C)(2). Interstate introduced evidence which shows that Mr. Fontenot's problems with Interstate were not precipitated by a sudden and unforeseen event on February 21. Rather, Mr. Fontenot's deposition testimony established that he had encountered problems with both dispatchers, as well as with other aspects of his employment with Interstate, prior to February 21, and that things had been "building up."

Furthermore, there is no evidence in the record which shows that Mr. Fontenot has been diagnosed with mental problems. His attorney asserts in his appellate brief that the brief he submitted in opposition to Interstate's motion for summary judgment and a narrative report issued by the claimant's physician attached thereto are not in the record and that he, therefore, attached a copy of the opposition brief and report to his appellate brief.

"It is well settled that an appellate court renders judgment upon the record on appeal, that briefs and/or attachments to the briefs are not a part of the record, and

5

that new evidence cannot be received on appeal." *Chenevert v. Hilton*, 07-1223, p. 10 (La.App. 3 Cir. 3/5/08), 978 So.2d 1078, 1086, *writ denied,* 08-731 (La. 5/30/08), 983 So.2d 901. *See also Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141.

Mr. Fontenot's physician's report is not in the record. Without the physician's report, there is no evidence substantiating Mr. Fontenot's claim that he suffered a mental injury; therefore, Mr. Fontenot cannot satisfy an essential element of his claim.

For these reasons, Mr. Fontenot cannot establish that he suffered a mental injury caused by mental stress. Accordingly, the judgment granting summary judgment in favor of Interstate must be affirmed.

### Disposition

The judgment of the workers' compensation judge is affirmed. All costs are assessed to James Fontenot.

**AFFIRMED.**

6