# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 13-472

**LEVIER, LLC**

**VS.**

**YOLANDER THOMAS**

************

## APPEAL FROM THE
## TWELFTH JUDICIAL DISTRICT COURT
## PARISH OF AVOYELLES, NO. 2010-6072
## HONORABLE MARK A. JEANSONNE, JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Rodney M. Rabalais**
**P.O. Box 447**
**Marksville, LA 71351**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Levier, LLC**

**Yolander Thomas**
**1728 Ransom Terrace**
**Fort Worth, TX 76112**
**PLAINTIFF-APPELLANT:**
    **Pro Se**

**PAINTER, Judge.**

Defendant, Yolander Thomas (Thomas), appeals the trial court's decision that a tax sale held without notice to a mortgagee was absolutely null and granting Plaintiff, Levier, LLC's (Levier) motion for summary judgment and declaring Levier to be the owner of the disputed property. For the following reasons, we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

Albert and Lucy Jacobs acquired the property at issue and executed a mortgage to First Fidelity Mortgage, Inc. (FFM). FFM assigned the mortgage to Provident Bank (Provident). In April 2001, the property was sold to Thomas at a municipal tax sale. No notice of the sale was sent to Provident. Provident foreclosed and bought it in at the subsequent sheriff's sale. Levier bought the property from Provident in November 2002.

The property was again sold for unpaid parish taxes in May 2002. Thomas was listed as the owner, and the property was adjudicated to the parish. Thomas redeemed the property.

Levier filed suit in December 2010, asking to be declared owner of the property. Thomas answered and asked the court to quiet her tax title. Levier and Thomas each filed motions for summary judgment. The trial court granted Levier's motion and denied Thomas's motion. Thomas appeals.

### DISCUSSION

*Summary Judgment*

> Louisiana Code of Civil Procedure Article 966(B) provides that a summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Pursuant to Article 966(C)(2), the moving party bears the burden of proof.

1

However, if the moving party will not be required to bear the burden of proof at trial, he or she is not required to "negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial[.]" *Id.* In such an event, there is no genuine issue of material fact. Id. An appellate court reviews a ruling on a motion for summary judgment under the de novo standard of review and uses the same criteria that governed the trial court's consideration as to whether summary judgment is appropriate. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La.2/26/08), 977 So.2d 839.

*Olson v. Rapides Parish Sheriff & Tax Assessor*, 08-1288, p. 4 (La.App. 3 Cir. 4/1/09), 7 So.3d 797, 799-800, *writ denied*, 09-0982 (La. 10/2/09), 18 So.3d 117.

*Notice of Sale*

We will first consider Thomas's assertion that the evidence does not support the conclusion that Provident did not receive notice of the original municipal tax sale. Notice to the mortgage holder is required for a valid tax sale.

In *Mennonite Bd. of Missions v. Adams*, the Supreme Court recognized that the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment. 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). In *Mennonite*, the mortgagee of a property contested a tax sale that occurred after the homeowner had failed to pay her property taxes. 462 U.S. at 794, 103 S.Ct. at 2709. The mortgagee was not provided notice of the homeowner/mortgagor's delinquent payment of the taxes or the subsequent tax sale. *Id.* The Supreme Court held that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale" and therefore "is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Id.* at 798, 103 S.Ct. at 2711. The Supreme Court stated: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Id.* at 800, 103 S.Ct. at 2712. Because the mortgagee was not afforded its constitutional right to due process, the Supreme Court reversed the decision that upheld the tax sale. *Id.*

Article VII, Section 25(A) of the Louisiana Constitution of 1974 requires the tax collector to provide notice of the tax delinquency and the tax sale to all owners of record of any interest in the property. *Lewis v. Succession of Johnson*, 05-1192 (La.4/4/06), 925 So.2d 1172; *C & C Energy*, 09-2160, p. 7, 41 So.3d at 1139.

*Smitko v. Gulf South Shrimp, Inc.*, 11-2566, pp. 8-9 (La. 7/2/12), 94 So.3d 750, 756 (footnote omitted).

Failure to give notice renders a tax sale an absolute nullity. *Lewis v. Succession of Johnson*, 05-1192 (La. 4/4/06), 925 So.2d 1172; *Smith v. Brooks*, 97-1338 (La.App. 3 Cir. 4/15/98), 714 So.2d 735, *writ not considered*, 98-1869 (La. 10/30/98),723 So.2d 969.

In this case, Provident supported its motion for summary judgment with the affidavit of Myron G. Gagnard, Clerk for the City of Marksville at the time of the municipal tax sale. He stated in his affidavit that he was responsible for processing all notices and publications and for the conduct of tax sales, including the sale of the Jacobs property; that he did not check the Avoyelles Parish Clerk of Court records or obtain a mortgage certificate from the Clerk of Court to determine if there were any liens against the property; and that he did not send notice of the pending tax sale relative to the Jacobs property to Provident Bank.

Since no issue of fact remains and the documents introduced in support of Levier's motion for summary judgment show that no notice was sent to Provident, the trial court correctly found that the tax sale was null and that, as a result, it did not serve to transfer title to Thomas. Further, since no question of fact remains but that Levier bought the property at a subsequent sale pursuant to foreclosure, the trial court correctly declared it to be the owner of the property. Having so found, we pretermit consideration of the remaining assignments of error.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant-Appellant, Yolander Thomas.

**AFFIRMED.**