The opinion of the court was delivered by
Blanchard, J.
The question raised herein is whether or not taxes due the City of New Orleans for the years 1891, 1892 and 1894 are subject to the prescription of three years.
*1624 The contention of plaintiff is that the city taxes, as well as tax mortgages and tax privileges, are prescribed by that length of time, and the second clause of section 34 of Act 98 of 1886 is pointed to as sustaining the same.
This clause, or that portion of it pertinent hereto, is as follows:
“All taxes, tax mortgages and tax privileges shall be prescribed by three years from the date of filing of the tax roll.”
This law is found in an act bearing this title:
“An act to provide an annual revenue for the State of Louisiana by the levying of annual taxes upon all property not exempted by the Constitution from taxation, and by prescribing the method of assessing and collecting- the same, and of enforcing payment thereof.”
The clause of the act of 1886, as quoted, is found also in the revenue acts of 1880 (Sec. 24 of Act 77) and in that of 1882 (Sec. 34 of Act 96), except that in the act of 1882 the prescriptive term is fixed at five years instead of three. The titles of the acts of 1880 and 1882 are the same as that of the act of 1886.
The question is, did the prescription) of taxes as declared in the aforesaid acts of 1880 and 1882, and does the prescription of taxes as declared in the act of 1886 apply to taxes levied in' favor of the City of New Orleans as well as to taxes levied on behalf of the State ?
If the prescription established by the law of 1886 is applicable to city taxes, then is plaintiff entitled to the relief he seeks, in the absence of any showing of the interruption of prescription.
If the prescription of thte law of 1886 was intended to apply only to taxes levied by the State, then is plaintiff without a ease.
On the precise point there does not appear to have been any direct decision of this court. There are, however, adjudications coming very near to it, and in these a conflict appears.
In the Succession of Stewart, 41'La. Ann. 130, decided several years after the adoption of the revenue acts of 1880, 1882 and 1886, the court said:
“Act No. 26 of 1886 is the only law enacted since the adoption of the Constitution of 1879, which fixes the period in which State, Parish and municipal tax mortgages, liens and privileges shall prescribe.” This Act 26 of 1886 was approved June 23, 1886.
Yet at that very time, passed by the same Legislature, and approved July 8, 1886, was Act 98 of 1886, from which we have quoted that “all *1625 taxes, tax mortgages and tax privileges shall be prescribed by three years * * *”
The earlier act passed in 1886 (No. 26) refers in express terms to “State, Parish or municipal” taxation, and ordains the prescription of tax privileges and, mortgages (not the tax itself) in three years.
The later act (No. 98), purporting to be a State revenue law, does not use the words “State, Parish, or municipal” in connection with the declaration that taxes, tax mortgages and tax privileges shall be prescribed in three years; but says, as did the two preceding revenue acts, those of 1880 and 1882, that “all taxes, tax mortgages and privileges shall be prescribed by three years.”
Yet this act was in force as law when the decision in the Succession of Stewart, supra, was rendered, though that decision seems to ignore the prescription accorded by it ajs having any relation to municipal taxation, whether as to the taxes themselves, or the mortgages and privileges given to secure the same.
The ease of the Succession of Mercier, 42 La. Ann. 1149, followed, in which it was declared that:' — “the taxes assessed (meaning city taxes) from 1871 to 1888, both inclusive, are imprescriptible.”
Yet, so far as the taxes from 1880 to 1888 were concerned, there were the revenue acts of 1880, 1882 and 1886, ordaining, two of them, the prescription of three years, the other of five years, against “all taxes, tax mortgages and tax privileges.”
The following year the case of Leeds & Co. vs. Treasurer was before the court — 43 La. Ann. 801 — and there it was broadly held that :• — “The privileges and mortgages securing the payment of city taxes are prescriptible, but the taxes themselves imprescriptible.”
This decision was rendered in 1891. It had to do with the city taxes for the years 1880, 1884, 1886 and 1887, and during that period there were in full force the aforesaid State revenue acts of 1880, 1882 and 3886, all declaring the prescription of three and five years against “all taxes, tax mortgages and tax privileges.”
From these repeated decisions it would seem that the intention had been to hold that the prescriptions accorded by the revenue acts of 1880, 1882 and 1886 were not applicable to city taxes, though it was nowhere so stated in those eases.
This view of it would, however, be now taken but for the later *1626 decision of the court in State ex rel. Powers vs. Recorder of Mortgages, 45 La. Ann. 511, decided in 1893, where the contrary was held.
There the court used this language: “Taking the date of the service of the writ of mandamus, November 30, 1892, as that from, which the computation of time is to be made, and we find that all tax mortgages and tax privileges securing the payment of municipal taxes of the years antecedent to 1889 are prescribed by the terms of 'the revenue laws of 1886, which are as follows: “All taxes, tax mortgages and tax privileges shall be prescribed by three years from the date of the filing of the tax roll.” (Italics ours).
This is the exact language hereinbefore quoted from the revenue act of 1886- — Act No. 98 of that year.
And the court, in the Powers case, goes on further to say that all taxes, tax mortgages and tax privileges (meaning city taxes and tax mortgages and privileges) are prescriptible by three and five years “under prior revenue laws” — meaning those of 1880 -and 1882, herein-before referred to.
Thus, we have here a ruling apparently in conflict with earlier rulnigs.
It shows an unsettled jurisprudence as to whether the prescriptions accorded by the revenue acts of 1880, 1882 and 1886 apply to city taxes, vel non, and while in Hood vs. City, 49 La. Ann. 1465, the court said: “With reference to' prescription it only remains to say that it did not run in favor of the tax debtor” — thus apparently going back to the earlier rulings — we think it wise, to the end of authoritatively settling the point at issue, whibh is likely to arise in other cases, to grant the writ applied for.
It is, therefore, ordered that the writ of review do issue; that the Court of Appeals send up the record of the case; that counsel for plaintiff and defendant be notified-; and that a delay of twenty days from this date be allowed for the filing of briefs.