WM. MAYER

 VS

MRS. M. MELANCON

No. 7950

June 28th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for possession of leased premises under Act 49 of 1918 p 71.

The plaintiff alleged that on January 25th, 1919 he leased to the defendant, Mrs. M. Melancon, the premises No. 217 S. Roman Street for a period of 24 months, commencing February 1st, 1919 and ending January 31st, 1921; that the defendant refused to pay the rent for the month of March 1920; that the plaintiff thereupon notified her to vacate, which she has refused to do; and he prayed for judgment

"condemning her to vacate the said premises No. 217 South Roman Street and to deliver possession of the same to petitioner &c".

The defendant admitted the lease, but alleged "that the property for which rent was sought by plaintiff to be collected was sold at tax sale on November 1919 for the State Taxes of 1918 to the Commercial Security Company, and that the said sale was registered in the Conveyance Office Book 312, folio 192, and that under the provisions of Act 170 of 1898 p 377, the rent was due to, and collectable by, the said Commercial Security Co., and the said Commercial Security Company, through its representative, L. E. Konrad, made a demand for the payment of said rent, and that your defendant did not know to whom to pay said rent and requested that she be given a few days to secure legal advice upon the matter, and that accordingly she consulted counsel, but in the meantime a notice to vacate was served upon her as alleged in Article III; Defendant further alleged that she, under the circumstances, did not know, and she does not know now, to whom this rent should be paid, 2

582

and she has deposited in the registry of the Court not
only the rent for the month of March, but in advance for
the month of April, viz: Sixty Dollars, subject to the
orders of the Court and desires that both the plaintiff
and the Commercial Security Company be cited to appear
and litigate their respective rights to the said fund
representing said rent";

defendant admitted that she refused to vacate the premises for
the reasons above state, and she prayed that the plaintiff and
the Commercial Security Company be ordered to litigate their
claims to the rent and to the money deposited in Court, and that
a copy of her answer be served on the Security Company. *382862*

The Commercial Security Company appeared and alleged:
"that at a sale held in November 1919 by the State of
Louisiana selling for the State Taxes of 1918, your
appearer purchased the property which was the subject of
the lease between the plaintiff and defendant, all as will
appear by the act of sale passed before John P. Sullivan,
Notary, and registered C. O. B. 312, fo. 192; that accord-
ingly your appearer became entitled to all of the rents
and revenues of the property from the date of said sale
until its legal redemption; that neither the owner nor any
one else has redeemed the said property from the said tax
sale; that your appearer, through its representative, L.
E. Konrad, made demand on Mrs. M. Melancon for the rents
of the said property to which appearer was legally entitled;
and it prayed for judgment against the plaintiff and in
its favor decreeing it entitled to the $60 deposited by
the plaintiff in Court."

Upon the trial of the case all three parties supported
the allegations of their petition by sufficient evidence. The
Security Company offered in evidence its tax title. The plaintiff
objected to the appearance and demand of the Security Company;
but if we find that the plaintiff had no right to the rent de-
manded by him of the defendant, nor to the money deposited, then
it is no concern of his who gets the money.

The only question presented is, was the plaintiff entitled to the rent he demanded of defendant; if he was not, then the defendant was not at fault for refusing to pay it to him, and plaintiff had no right to notify her to vacate because she refused to pay it to him.

The District Judge decided in favor of the defendant rejecting plaintiff's demand, and he has appealed.

This judgment is correct. The defendant was bound to give full faith and credit to the tax title presented to her by the Security Company, just as much as if it had exhibited to her a Sheriff deed or an act of sale by the lessor himself.

Article 233 of the Constitution of 1898 provides that all tax-deeds shall be prima facie valid. This is only a repetition of a similar provision in Article 118 of the Constitution of 1868 and of Article 210 of the Constitution of 1879, and of Act 68 of 1870 p 126 Sec. 59 p 141, and Act 47 of 1873 p 98 Sec.4.

In 35 A., 893 it was held that a mortgage creditor was bound to give consideration to a tax sale of the mortgaged property, and could not proceed against it until he had set aside the tax sale; quoting 25 A., 237; 29 A., 115; 30 A., 1235; 31 A., 662 and 33 A.,441.

In 44 A., 650 (655) it was decided that it was the duty of an assessor to assess property in the name of a purchaser at tax sale.

The defendant in this case had no right to ignore the tax sale of the property she occupied after being notified thereof by the tax purchaser, and if she had done so she might have been compelled to pay the tax purchaser after paying her lessor.

There is no doubt that the purchaser of property for taxes is entitled to the rents of the property from the date of the registry of the tax deed in the Conveyance Office.

Section 67 of Act 170 of 1898 p 346 (377) reads as follows:

"That from the date of recording said tax deed, all the rents and revenues of the property therein conveyed shall belong to the purchaser, and shall be paid to him &c".

584

This is a repetition of Section 66 of Act 85 of 1888 p 111 (134) and of Section 67 of Act 98 of 1886 p 133 (154), and of Section 64 of Act 96 of 1882 p 119 (138) and Act 47 of 1873 Sec. 4 p 108.

Although it is not necessary to "light candles when the sun shines" a reference to authorities will confirm the clear expression of the law.

In commenting upon an adjudication for taxes made under the Act of 1888 the Court said in Moore vs Beagin, 111 La., 490 (493):

"Beagin, the mortgagee, (purchaser at tax sale) had a complete legal title, and it gave him the right to go in possession as he did a short time (a few days) after the adjudication at tax sale. He was lawfully in possession of the property".

In Pate vs Burnside, 129 La., 104, the Court said: "A tax deed is prima facie evidence of the validity of the sale, and upon presentation of the same to any judge of competent jursidiction the adjudicatee therein named is entitled to a writ of possession". See also 43 A.,789.

Nor are the provisions of Sections 66 and 67 of Act 170 of 1898, entitling the purchaser at tax sale to immediate possession and to rents, in conflict with Article 233 of the Constitution of 1898 which provides that property sold for taxes "shall be redeemable at any time for the space of one year". In the case of Geddes vs Cunningham, 104 La., 306, the Court said, on p 311:

"III "It is said that inasmuch as the Constitution of 1879 provided that the property should be sold for taxes without appraisement, and "should be redeemable at any time for the space of one year, by paying the price given, with twenty per cent and costs added", it was incompetent for the Legislature to increase the penalty thus imposed upon the delinquent tax payer, but that the provisions of Act 85 of 1888 (Sections 65-66) authorizing the adjudicatee of property sold for taxes to take possession before the expiration of the year

within which, under the Constitution, the property could be redeemed, have that effect, and hence, are in conflict with the Constitution, and are void, We are unable to concur with this view. The constitutional provisions require a sale of the property; and a sale, whether with, or without right of redemption, entitles the vendee to the possession of the thing sold. It was therefore competent, if not obligatory, upon the General Assembly, in adopting legialation to carry those provisions into effect, to authorize the adjudicatee to go into possession at once".

The defendant has asked for damages for a frivolous appeal. These cannot be granted. The appellant has not been condemned to pay money; it is ohly in such cases that he can be condemned to pay damages for a frivolous appeal. C. P. 90%; 28 A., 626; 19 A., 327; 13 A., 465; 14 A., 229 — $51 a 281$

The judgment is affirmed at cost of appellant in both courts.

June 28th, 1920.