SAVOY, Judge.
Plaintiff instituted the instant suit against defendant praying that defendant be required to sign a redemption deed to certain real property purchased by defendant at a tax sale.
The facts in this case are that on June 25, 1966, defendant purchased at tax sale *360 certain land situated in Evangeline Parish, Louisiana, assessed in the name of Jesse Joseph Deville for non-payment of 1965 taxes due on said property. On July 31, 1967, plaintiff purchased the property acquired by defendant at the tax sale from Jesse Joseph Deville, the same person whose property had been purchased by defendant at the June 25, 1966 tax sale.
After the July 31, 1967 purchase plaintiff had its counsel prepare a redemption deed and also issued a check to defendant in the sum of $18.37, the amount it determined was necessary to redeem the property. The defendant refused to redeem the property for the reason that the description in the redemption deed prepared by counsel for plaintiff was incorrect; and, secondly, that there had not been included in the check to defendant the sum of $35.00 which represented the legal fees charged by its counsel for examining the deed and preparing a resolution authorizing defendant, a corporation, to affect the redemption.
Upon receipt of a letter from counsel for defendant counsel for plaintiff then secured an amended judgment and made a second demand on defendant to sign the deed, which it refused to do for the reason that the sum of $35.00 had not been included to pay the fees incurred by it.
After a trial on the merits the district judge rendered judgment in favor of plaintiff and against the defendant, directing it to furnish plaintiff with a redemption deed, and did not allow the $35.00 requested by defendant in its answer. Defendant appealed.
LSA-R.S. 47:2221 provides that property sold at tax sale shall be redeemable in accordance with Section 11 of Article 10 of the Louisiana Constitution. This constitutional article provides in pertinent part that property shall be redeemable “by paying the price given, including costs and five per cent penalty thereon, with interest at the rate of one per cent per month until redeemed.”
Defendant in the instant case contends the word “costs” includes any costs which he necessarily incurs in connection with the redemption, including attorney’s fees. We are of the opinion that this is not the proper construction to be placed on the constitutional provision and statute mentioned hereinabove. The “costs” referred to therein are the costs of the tax sale for notices and advertisements. When counsel for defendant wrote counsel for plaintiff, he itemized the amount demanded as: costs — $16.07; interest — $.97; and legal fees — $35.00. Attorney’s fees are allowed only in cases where specific statute grants such fees, by contract or where established by the jurisprudence of this state. There are no such provisions in the above statute in the instant case.
Accordingly, we are of the opinion that the judgment of the trial court disallowing attorney’s fees is correct, and the judgment of the trial court is hereby affirmed at appellant’s costs.
Affirmed.