966 So.2d 673 (2007)
Mason ALEXIS, III
v.
ALTON OCHSNER FOUNDATION HOSPITAL.
No. 2007-CA-0355.
Court of Appeal of Louisiana, Fourth Circuit.
August 29, 2007.
*674 Scott P. Shea, New Orleans, LA, for Plaintiff/Appellant.
Christopher S. Mann, Joseph J. Lowenthal, Jr., Jones Walker Waechter Poitevent Carrere & Denegre, LLP, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge DAVID S.GORBATY).
JOAN BERNARD ARMSTRONG, Chief Judge.
This is a workers' compensation case. The plaintiff-appellant, Mason Alexis, III, appeals an Office of Workers' Compensation judgment dated October 10, 2005, denying his claim for Workers' Compensation benefits based upon La. R.S. 23:1208.1 due to misrepresentations he made concerning his medical history. We affirm.
On April 13, 2001, claimant allegedly injured his back during the course and scope of his employment as a patient care technician with the defendant-appellee, Ochsner Clinic Foundation. Claimant was allegedly attempting to prevent a 300 pound patient from falling.
*675 The workers' compensation judge specifically found that the claimant "violated La. R.S. 23:1208.1 when he failed to respond positively to Louisiana Second Injury Fund Questionnaire on the issue of back pain." The claimant does not contend that there are any defects in the form of the Louisiana Second Injury Fund Questionnaire which he executed at that time.
When the claimant began working for Ochsner in November 2000 he completed a Louisiana Second Injury Fund Questionnaire in which he was required to circle any of the listed conditions from which he was suffering currently or from which he had suffered in the past. Among the conditions listed was "herniated disk, degenerative disk, back/neck pain." He did not circle this item from the list, nor did he circle any other condition on the list. Instead, the claimant circled, "None of the above."
Claimant admitted on cross examination that he saw Dr. Frederick Keppel on July 29, 1998, complaining of low back pain. He testified that he told Dr. Keppel that he had injured his lower back in an auto accident four years prior to the visit. Claimant also acknowledged that the x-rays from that visit "showed posterior and anterior osteophytes at L3-4 and disc space narrowing consistent with degenerative disc disease.
Claimant then admitted that on January 11, 1999, he was referred to Dr. Richard Meyer by an attorney, again complaining of low back pain. He ascribed that pain to an incident where he stepped into a pothole on December 30, 1998. Claimant filed suit in connection with that injury. Dr. Meyer's report states that claimant denied any previous low back problem. Claimant admitted that he did not tell Dr. Meyer of his visit to Dr. Keppel six months earlier. The claimant acknowledged that Dr. Meyer's report diagnosed him as having lumbar disc disease. He also admitted that he had seen a chiropractor for back pain he experienced when he fell off of a stool in the Superdome in the 1980's, but that he did not report that to Dr. Meyer either.
While claimant admitted that the medical reports from Dr. Keppel and Dr. Meyer said what they said, he testified that he was never told that he had a herniated disc or degenerated discs. However, claimant did admit that at the time he filled out the Second Injury Fund Questionnaire he knew that he had previously had lower back pain and that, therefore, his failure to circle that item on the Questionnaire was not accurate. The form states in boldface that:
Failure to answer truthfully may result in the forfeiture of your workers' compensation benefits under R.S. 23:1208.1 of the Louisiana Workmen's Compensation Law."
The claimant testified on direct examination that he experienced no back pain between the time he saw Dr. Meyer in January of 1999 and April 13, 2001, the date of the accident that is the subject of this appeal. He repeated that assertion on direct examination until confronted with the records from the Ochsner Orthopedic Department dated March 13, 2001, just one month prior to the accident that is the subject of this appeal. At that time his chief complaint was one of low back pain. He admitted that he indicated on the form he had to fill out that time that it was the "worst pain ever."
Although the alleged accident that is the subject of this appeal occurred on April 13, 2001, claimant did not fill out an accident report until May 2, 2001 at which time he ascribed the reporting delay to the fact that "the problem" did not bother him immediately.
*676 Claimant testified on cross examination that the back pain he experienced as a result of the April 13, 2001 accident was not in the same part of his back as the pain he had felt on prior occasions. However, this is contradicted by his deposition testimony.
On May 16, 2001, when the claimant went for his first examination at the Ochsner Orthopedic Clinic concerning the April 13, 2001 injury, he reported that he had had no previous back problems.
On June 27, 2001, the claimant saw Dr. Robert Applebaum, a neurosurgeon. At that time he reported no previous back problems to Dr. Applebaum antedating the incident of April 13, 2001.
Dr. Applebaum diagnosed him with a ruptured disc at L3-L4, although the plaintiff contends that his problem is at L4-L5 and S1. On September 14, 2001, claimant was referred for an MRI which showed a disc problem at L3-L4. The claimant admitted that Dr. Applebaum made no mention of a problem at L4-L5 or S1.
Claimant acknowledged that subsequently he sustained another back injury as a result of a car accident and that his doctors say that his problem is at L4-L5 and S1.
Finally, the claimant admitted that when he stated in response to interrogatories propounded to him that he had not worked subsequent to leaving Ochsner that that answer was not true. However, on redirect he testified that he only worked two or three days for a friend.
La. R.S. 23:1208.1 provides that:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
While La. R.S. 23:1208.1 provides for the forfeiture of a claimant's compensation benefits, such forfeitures are not favored:
Forfeiture is a harsh remedy. Thus, statutory forfeiture must be strictly construed.
Wise v. J.E. Merit Constructors, Inc., 97-0684, p. 7 (La.1/21/98), 707 So.2d 1214, 1218.
The legislature imposes the penalty of forfeiture only when the employer is prejudiced. Id. An employer is prejudiced only when the false statement directly relates to the medical condition for which a claim is made or (not "and") affects the employer's ability to receive reimbursement from the second injury fund. Id., 97-0684 at p. 6, 707 So.2d at 1217-1218.
La.R.S. 23:1208.1 thus provides for forfeiture under narrow circumstances: There must be an untruthful statement; prejudice to the employer; and compliance with the notice requirements of the statute. Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. An employer has the burden of proving *677 each element within the statute. The lack of any one of the elements is fatal to an employer's avoidance of liability. Mullins v. Courtney Equipment, 95-989 (La.App.3 Cir. 1/31/96), 670 So.2d 329.
An employer is prejudiced by one of two circumstances. Id., 97-0684 at p. 10, 707 So.2d at 1219. In the first prong of the "prejudice" test, the employee's untruthful answer must directly relate to the medical condition that is the subject of the claim. Id. A direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition. Id., 97-0684 at p. 10, 707 So.2d at 1220.
Claimant testified that his job required him to help lift patients more than once a week. Under such circumstances, we can find no manifest error in the Workers' Compensation judge's implicit finding that the claimant's alleged back injury was inevitable or very likely to occur because of the claimant's prior back problems. Likewise, we can find no manifest error in the implicit finding that the claimant's alleged back injury occurred at the same anatomical situs as his previous back problems:
These implicit findings are also subject to the manifest error standard of review. Delaney v. Humana Hosp., 01-0389, p. 8 (La.App. 4 Cir. 10/16/02), 830 So.2d 1072, 1078; Ruby v. Jaeger, 99-1235, p. 4 (La.App. 4 Cir. 3/22/00), 759 So.2d 905, 907.
Noel v. Noel, 04-0105, p. 6 (La.App. 4 Cir. 9/8/04), 884 So.2d 615, 619.
Therefore, the record supports a finding that the employer has met its burden of proving "prejudice."
The Louisiana Second Injury Fund Questionnaire executed by the claimant meets all statutory requirements. There is no question that the answer the claimant gave on the questionnaire was not accurate as to his prior back history. The claimant contends that he found the form confusing and did not intend to mislead Ochsner. That is a credibility call to be made by the fact finder in the absence of manifest error. The workers' compensation judge's factual findings are subject to the manifest error or clearly wrong standard of review. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161. Although there were many medical conditions listed on the form that might have been unknown to a layman who had never been diagnosed with any of them, the workers' compensation judge could reasonably conclude that the question referring to "back/ neck pain" employed laymen's terminology requiring no medical sophistication. The claimant could reasonably be expected to know if he had had any history of neck or back pain.
For the foregoing reasons, we find no error in the judgment below which we, therefore, affirm.
AFFIRMED.