**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0318

SHOLTY PROPERTIES, LLC

VERSUS

MELISSA R. HENRY IN HER CAPACITY AS CLERK OF COURT OF ST. TAMMANY PARISH AND RANDY SMITH IN HIS CAPACITY AS SHERIFF AND TAX COLLECTOR OF ST. TAMMANY PARISH

Judgment Rendered: ___DEC 2 3 2025___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2023-11564, Division J

The Honorable Ellen M. Creel, Judge Presiding

* * * * *

| | |
|---|---|
| Mark D. Plaisance<br>Marcus J. Plaisance<br>Prairieville, Louisiana | Attorneys for Plaintiff/Appellant<br>Sholty Properties, LLC |
| Nicholas J. Zeringue<br>A. Catharina Vastbinder<br>Thibodaux, Louisiana | |
| Leanne Kimble Eckholdt<br>Covington, Louisiana | Attorney for Defendant/Appellee<br>Melissa R. Henry, in her Capacity as Clerk<br>of Court of St. Tammany Parish |
| Margaret H. Kern<br>Covington, Louisiana | Attorney for Defendant/Appellee<br>Randy Smith, in his Capacity as Sheriff<br>and Tax Collector of St. Tammany Parish |

* * * * *

**BEFORE: McCLENDON, C.J., GREENE, AND STROMBERG, JJ.**

**STROMBERG, J.**

The plaintiff purchaser of immovable property at a tax sale appeals the dismissal with prejudice of its petition for writ of mandamus seeking to have a redemption certificate for the payment of the delinquent taxes on the property stricken from the public records. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 29, 2023, Sholty Properties, LLC (Sholty) filed a verified petition for a writ of mandamus, naming as defendants Melissa R. Henry, in her capacity as Clerk of Court of St. Tammany Parish (the Clerk), and Randy Smith, in his capacity as Sheriff and Tax Collector of St. Tammany Parish (the Sheriff/Tax Collector). According to the petition and attached exhibits, on July 13, 2015, two parcels of immovable property (the Property) owned jointly by JA Resources LLC and Shirley D. Sanders were adjudicated to St. Tammany Parish for unpaid taxes. On March 31, 2021, St. Tammany Parish Government (STPG) issued a Notice of Adjudicated Property Sale (the Notice) to the property owner and tax debtor, identified as Shirley Diaz in care of Dartanian Sanders, stating that "[t]ax sale title" to the Property had been adjudicated to STPG for failure to pay taxes.[1] The Notice further stated:

> **IF YOU HAVE ANY INTEREST IN THIS PROPERTY, IT WILL BE TERMINATED** if you do not redeem [the Property] by making all required payments to the tax collector listed below or file a lawsuit in accordance with law within 60 days of the date of this notice, Sunday, May 30, 2021, or the recording of an act transferring ownership, if later.

On June 2, 2021, the Sheriff/Tax Collector signed an Adjudicated Certificate of Redemption (the Redemption Certificate), which stated that the Sheriff/Tax Collector received "on this day" the delinquent taxes, costs, penalties, and interest owed on the Property from Dartanian Sanders. In the Redemption Certificate, the

---

[1] The postal service tracking information showed the Notice was mailed on April 1, 2021, and was in transit, scheduled to arrive late, on May 8, 2021.

Sheriff/Tax Collector certified the Property "as being redeemed to said tax debtor, or his successors in title, from any claims arising out of said tax sale," pursuant to La. R.S. 47:2245. On July 28, 2021, the Sheriff/Tax Collector filed the Redemption Certificate and the Clerk recorded it in the public records. Previously, however, on June 30, 2021, Sholty had purchased the Property from STPG, as evidenced by a Non-Warranty Cash Sale (the Cash Sale), which was recorded on July 8, 2021.

In its petition, Sholty alleged that the statutory redemption period on an adjudication ends sixty days after the mailing of the redemption notice or on the date of recordation of the non-warranty cash sale, whichever is later. In this case, Sholty alleged that the redemption period terminated on July 8, 2021, the date of the recordation of the Cash Sale, which was later than May 30, 2021, the end of the sixty-day period from the mailing of the Notice. Therefore, Sholty alleged that the filing of the Redemption Certificate on July 28, 2021, in the public records made the redemption "a legal impossibility." Sholty sought a writ of mandamus ordering the Sheriff/Tax Collector to withdraw and cancel the Redemption Certificate and to refund monies collected by his office for the Redemption Certificate. Sholty also sought a writ of mandamus ordering the Clerk to cancel the Redemption Certificate and make all necessary notations on the public records to annul it.

The district court held a hearing on March 7, 2024, and rendered judgment denying the petition for writ of mandamus and dismissing it with prejudice at Sholty's cost. The district court signed the judgment in accordance with its oral ruling on March 27, 2024. Sholty filed a motion for new trial, which was denied on December 2, 2024. Sholty appeals from the judgment dismissing its petition for a writ of mandamus and the judgment denying its motion for new trial.[2]

_____

[2] The established rule in this circuit is that the denial of a motion for new trial is an interlocutory and nonappealable judgment. However, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. **Flowers v. Tasker**, 2024-0690 (La. App. 1 Cir. 2/28/25), 407 So.3d 927, 938 n.6.

3

# DISCUSSION

On appeal, Sholty assigns as error the district court's denial of its writ of mandamus, contending that the Sheriff/Tax Collector and the Clerk should have been ordered to strike the Redemption Certificate from the public records because it was not filed in the records at the time of the Cash Sale. Sholty also assigns as error the district court's judgment dismissing its petition with prejudice.

## Mandamus

Louisiana Code of Civil Procedure article 3862 provides, in pertinent part, "A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice ...." Louisiana Code of Civil Procedure article 3861 states, in pertinent part, "Mandamus is a writ directing a public officer ... to perform any of the duties set forth in [article 3863]." Louisiana Code of Civil Procedure article 3863 provides, in pertinent part, that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law."

The Louisiana Supreme Court has explained that mandamus is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. **Texas Brine Co., LLC v. Naquin**, 2019-1503 (La. 1/31/20), 340 So.3d 720, 725, cert. denied, ___ U.S. ___, 141 S.Ct. 846, 208 L.Ed.2d 422 (2020). In mandamus proceedings against public officers involving the performance of an official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty they are charged to perform. **Texas Brine**, 340 So.3d at 726; **Johnson v. Landry**, 2025-0925 (La. App. 1 Cir. 9/24/25),

---

Sholty filed its motion for new trial after the hearing where the district court ruled on the mandamus petition, but before the district court signed a final judgment. The prematurity of the motion for new trial is cured by the signing of the judgment and becomes effective the date the judgment is signed. See **Miller v. Albertson's Companies, LLC**, 2023-0527 (La. App. 1 Cir. 12/27/23), 381 So.3d 84, 88 n.3.

421 So.3d 585, 589. A ministerial duty is one in which no element of discretion is left to the public officer, in other words, a simple definite duty, arising under conditions admitted or proved to exist, and imposed by law. **Johnson**, 421 So.3d at 589. Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It is never used in doubtful cases. **Texas Brine**, 340 So.3d at 725; **Johnson**, 421 So.3d at 589.

Generally, an appellate court reviews a district court's judgment on a writ of mandamus under an abuse of discretion standard. **Johnson**, 421 So.3d at 589. In contrast, a district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. **Id.** However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. **Id.** at 589-90.

### Tax Sales of Adjudicated Property and Redemption

Because the writ of mandamus Sholty sought concerned Property that had been sold at a tax sale after the taxpayer had redeemed the Property, we must consider the statutes governing tax sales and redemption. A description of the title that a tax sale purchaser holds is set forth in La. R.S. 47:2121(C)(1), which provides, in pertinent part:

> A tax sale confers on the tax sale purchaser, or on the political subdivision to which the tax sale property is adjudicated, only tax sale title. ... If the tax sale property is not redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interests, claims, or encumbrances held by all duly notified persons. Tax sale title is fully transferable and heritable, but any successor of a tax sale title takes it subject to any existing right to redeem the property, or to assert a nullity, to the extent and for the period of time that the right would have existed in the absence of the transfer or succession.

No tax sale shall transfer or terminate the property interest of any person in adjudicated property until that person has been duly notified and both the redemptive

5

period and any right held by that person to assert a payment or redemption nullity under La. R.S. 47:2286 have terminated. See La. R.S. 47:2121(B). As described by the Louisiana Supreme Court in **Central Properties v. Fairway Gardenhomes, LLC**, 2016-1855 (La. 6/27/17), 225 So.3d 441, 449, a "tax sale" is actually a tax lien that is purchased in the form of a tax sale title, albeit with future rights of ownership after due notice to all tax sale parties and the expiration of the redemptive period, as well as the filing of a suit to quiet title. See **LPR, L.L.C. v. Naquin**, 2020-0847 (La. App. 1 Cir. 2/19/21), 319 So.3d 369, 376.

Louisiana law favors the redemption of property sold for taxes. **Nile of Louisiana, Inc. v. Gates in and for Union Parish**, 53,335 (La. App. 2 Cir. 3/4/20), 293 So.3d 671, 675; **Succession of Caldarera v. Zeno**, 2009-1397 (La. App. 4 Cir. 7/16/10), 43 So.3d 1080, 1087, writ denied, 2010-1909 (La. 11/5/10), 50 So.3d 810; **Mississippi Land Co. v. S & A Properties II, Inc.**, 2001-1623 (La. App. 3 Cir. 5/8/02), 817 So.2d 1200, 1204; **S.A. Mortgage Service, Co. v. Lemoine**, 2001-250 (La. App. 5 Cir. 10/17/01), 800 So.2d 1015, 1018, writ denied, 2001-3083 (La. 2/1/02), 807 So.2d 851. Procedures for redemption are set forth in La. R.S. 47:2241-2247. Louisiana Revised Statutes 47:2246(A)(1) sets forth the time period for redemption, stating in pertinent part:

> For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:
>
> (1) The later of sixty days … after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.[3]

---

[3] Louisiana Revised Statutes 47:2201 et seq. provide that a political subdivision may adopt ordinances pertaining to the public sale or donation of adjudicated property that comply with La. R.S. 47:2202, 2203, and 2206 regarding sales or donations to a third party. See La. R.S. 47:2201. Louisiana Revised Statutes 47:2206 requires the political subdivision to notify the tax sale party whose interest the successful bidder intends to be terminated that the party has the later of sixty days from the notice or the recording of an act transferring ownership to redeem the property or file a lawsuit.

(Footnote added.)

Louisiana Revised Statutes 47:2246, Comment--2008 provides, in pertinent part, "As long as property remains on the adjudicated rolls, and neither a political subdivision nor an acquiring person has obtained full ownership, the property may be redeemed as a matter of statutory right even though the redemptive period under the Louisiana Constitution has expired." Louisiana Revised Statutes 47:2245 states, in pertinent part, "Upon payment of the redemption costs, the tax collector shall issue a redemption certificate in the name of the tax debtor and file the redemption certificate in the appropriate conveyance records."

## Analysis

In this case, the parties agree that the redemption period terminated on July 8, 2021, which was the latter of the following two dates: May 30, 2021, sixty days after the Notice, and July 8, 2021, the filing date of the Cash Sale transferring the Property from STPG to Sholty. See La. R.S. 47:2246(A)(1). The taxpayer redeemed the tax sale title to the Property on June 2, 2021, as set forth in the Redemption Certificate.[4] Therefore, the Property was timely redeemed within the redemptive period. Upon payment of the redemption costs, La. R.S. 47:2245 required the Sheriff/Tax Collector to issue a redemption certificate in the tax debtor's name and to file the redemption certificate in the appropriate conveyance records.

Sholty contends that under the public records doctrine, the Sheriff/Tax Collector or Clerk should strike the Redemption Certificate from the public records

---

[4] At the mandamus hearing, Sholty offered, filed, and introduced into evidence all of its pleadings, including its petition and all of the attached exhibits except the postal service tracking of the Notice. The Sheriff/Tax Collector attempted to offer into evidence its exhibits attached to its pretrial memorandum, which included a copy of the April 22, 2021 Redemption Bill, the May 28, 2021 Cashier's Check for the redemption payment, and the May 28, 2021 receipt for the payment of the tax. Sholty objected, and they were not admitted into evidence. At the hearing, the Sheriff/Tax Collector attempted to have the date of the taxpayer's cashier's check stipulated to, but the Sheriff/Tax Collector did not clearly establish that the parties entered into such a stipulation. Regardless, the date on the cashier's check is not dispositive in this matter.

7

because it was not filed at the time of the Cash Sale. The public records doctrine generally expresses a public policy that an interest in real estate must be recorded in order to affect third persons. Simply put, an instrument in writing affecting immovable property which is not recorded is null and void except between the parties. See La. C.C. art. 3338;[5] **Cimarex Energy Co. v. Mauboules**, 2009-1170 (La. 4/9/10), 40 So.3d 931, 943.

However, as discussed earlier, La. R.S. 47:2246 allows the taxpayer to make a redemption payment until a sale or donation of the property is filed in the public records. Furthermore, La. R.S. 47:2121(B) provides that no tax sale shall transfer or terminate the property interest of any person in adjudicated property until that person has been duly notified and both the redemptive period and any right held by that person to assert a payment or redemption nullity under La. R.S. 47:2286 have terminated. The general rule for statutory construction is that a specific statute controls over a broader, more general statute. **Newton v. St. Tammany Fire District No. 12**, 2024-0942 (La. App. 1 Cir. 2/28/25), 407 So.3d 923, 927 n.1. Therefore, in any conflict between the public records doctrine and the right of redemption of adjudicated property, those statutes specifically addressing

---

[5] Louisiana Civil Code article 3338 states:

> The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title:
>
> (1) An instrument that transfers an immovable or establishes a real right in or over an immovable.
>
> (2) The lease of an immovable.
>
> (3) An option or right of first refusal, or a contract to buy, sell, or lease an immovable or to establish a real right in or over an immovable.
>
> (4) An instrument that modifies, terminates, or transfers the rights created or evidenced by the instruments described in Subparagraphs (1) through (3) of this Article.

redemption should prevail over those addressing the more general public records doctrine. Additionally, as noted earlier, Louisiana law favors redemption, and a successor of a tax sale title takes it subject to any existing right to redeem the property, to the extent and for the period of time that the right would have existed in the absence of the transfer or succession. See La. R.S. 47:2121(C). Therefore, although the Redemption Certificate was not filed in the public records at the time of the sale to Sholty, it was still effective to redeem the tax sale title to the property under La. R.S. 47:2121.

Accordingly, based on the undisputed facts presented, we conclude the district court did not abuse its discretion in denying Sholty's petition for a writ of mandamus. Based on the applicable law, Sholty did not meet its burden of proving its clear entitlement to mandamus relief. It did not establish that, because the Redemption Certificate was not recorded in the public records before it purchased the Property, Sholty was entitled to have the Redemption Certificate stricken. Moreover, Sholty could not establish that any cancellation of the redemption by the Sheriff/Tax Collector or the Clerk was a ministerial duty under these circumstances. While the Sheriff/Tax Collector and Clerk each have a duty under La. R.S. 47:2245 to issue a redemption certificate and to file it in the conveyance records, respectively, Sholty has not provided any authority requiring justifying the cancellation of the Redemption Certificate in this case.

Sholty also assigns as error that the district court's judgment dismissed the matter with prejudice instead of without prejudice. The district court did not address Sholty's request to change the dismissal to one without prejudice because Sholty first raised the issue at the oral argument on its motion for new trial. Sholty did not raise the issue in its motion for new trial or memorandum in support of its motion. Appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the district court, or are raised for the first time on appeal. **Bias v.**

9

**Haley**, 2023-0281 (La. App. 1 Cir. 11/3/23), 383 So.3d 175, 187 n.7. Therefore, this issue is not properly before us and we will not consider it.

## CONCLUSION

For these reasons, the March 27, 2024 judgment denying the petition for writ of mandamus filed by Sholty Properties, LLC, is affirmed. The December 2, 2024 judgment denying the motion for new trial filed by Sholty Properties, LLC, is also affirmed. Costs of this appeal are assessed to Sholty Properties, LLC.

**JUDGMENT AFFIRMED.**